**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**
_____

**DAYNA BROWN,**

                      **Plaintiff,**                  **3:12-cv-411
                                                                       (GLS/DEP)**

                        **v.**

**STATE UNIVERSITY OF NEW
YORK et al.,**

                        **Defendants.**
_____

**APPEARANCES:**                       **OF COUNSEL:**

**FOR THE PLAINTIFF:**
Dayna Brown
Pro Se
PO Box 2181
Binghamton, NY 13902-2181

**FOR THE DEFENDANTS:**
*State Defendants*
HON. ERIC T. SCHNEIDERMAN    HEATHER R. RUBINSTEIN
New York State Attorney General     Assistant Attorney General
Syracuse Office
615 Erie Boulevard West
Suite 102
Syracuse, NY 13204

*CSEA*
CSEA, Inc.                           AMANDA J. VELAZQUEZ, ESQ.
143 Washington Avenue
Albany, NY 12210

**Gary L. Sharpe
Chief Judge**

                        **<u>MEMORANDUM-DECISION AND ORDER</u>**

## I. Introduction

Plaintiff *pro se* Dayna Brown commenced this action against defendants State University of New York, Binghamton University (SUNY Binghamton), Nancy Abashian, Valerie Hampton, Cindy Olbrys, Karen Paugh, Caryl Ward, Cindy Williams, and the Civil Service Employees Association (CSEA),[1] alleging various federal, state and common law causes of action arising from discrimination and retaliation based on "race, equal pay, age, gender, [and] disability." (Compl. ¶¶ 1-2, Dkt. No. 1.) Pending is CSEA's motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) and (6). (*See* Dkt. No. 11.) For the reasons that follow, CSEA's motion is granted.

## II. Background[2]

Brown, an "African American [m]ale" with a "permanent mobile impairment," was an employee of SUNY Binghamton from March 16, 2000 until his termination on March 4, 2012. (Compl. ¶¶ 12, 22, 27, 29, 33.)

---

[1] Brown identifies CSEA as "the Labor Union for Classified Staff throughout New York State." (Compl. ¶ 14.) The union represented Brown for thirteen years. (*See id.*)

[2] The facts are drawn from Brown's Complaint and presented in the light most favorable to him. (*See* Compl.)

2

During that time, Brown was "harassed [and] treated differently with regard to his employment and ultimately terminated because of his race, equal pay, age, gender, [and] disability." (*Id.* ¶¶ 2, 24.) Specifically, he was "subjected to numerous inappropriate comments from his supervisor and co-workers," as well as "demeaning sexual content . . . and racist statements." (*Id.* ¶ 10.) Unlike similarly-situated Caucasian co-workers, Brown received insufficient training, was "assigned out of title duties" and an increased workload, and was falsely accused of workplace misconduct. (*Id.* ¶¶ 24-25, 52.) Although Brown met with SUNY Binghamton's affirmative action officer at least once, (*see id.* ¶¶ 43-44, 47), and complained to various school officials on multiple occasions, the harassment was allowed to continue throughout his tenure, (*see id.* ¶¶ 10, 43-44, 47-48, 50, 52, 55-56, 58).

Brown filed charges of discrimination with the New York State Division of Human Rights and the U.S. Equal Employment Opportunity Commission on April 7, 2011 and October 2, 2011, respectively, and received a right to sue letter dated December 9, 2011. (*See id.* ¶¶ 6-7; Compl. at 29.) Ultimately, Brown was terminated on March 4, 2012, as a result of one, or more, of his protected characteristics. (*See* Compl. ¶¶ 2,

3

24, 77.)

## III. Standard of Review

The standard of review under Fed. R. Civ. P. 12 is well settled and will not be repeated here. For a full discussion of that standard, the court refers the parties to its prior decision in *Ellis v. Cohen & Slamowitz, LLP*, 701 F. Supp. 2d 215, 218 (N.D.N.Y. 2010).

## IV. Discussion

### A. Scope of Claims Alleged

As a preliminary matter, the court must decipher from Brown's Complaint the claims which he has alleged against CSEA. In reading the Complaint liberally, as it must, *see Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 477 (2d Cir. 2006), the court discerns alleged violations of: Title VII; 42 U.S.C. § 1981; Americans with Disabilities Act (ADA); New York State Human Rights Law (NYSHRL); and common law intentional and negligent infliction of emotional distress.[3] (*See* Compl. ¶¶ 1, 64-121.)

### B. Discrimination and Emotional Distress Claims

---

[3] Brown appears to allege Title VII violations under theories of disparate treatment, hostile work environment, and retaliation. (*See* Compl. ¶¶ 1-2, 77, 83-85.) Additionally, his ADA claim appears to be premised on theories of both disparate treatment and failure to accommodate. (*See id.* ¶ 1.)

4

CSEA contends first that, although Brown includes the union in his allegations of discrimination and infliction of emotional distress, his Complaint is entirely devoid of factual assertions against it which support such claims. (*See* Dkt. No. 11, Attach. 3 at 1-8.) The true nature of Brown's allegation against CSEA, the union contends, is that it breached its duty of fair representation. (*See id.* at 8.) The court agrees on both accounts.

Brown's Complaint contains few mentions of CSEA, none of which allege, or even insinuate, discriminatory or emotionally distressing behavior. In September 2006, Brown attempted to schedule a meeting with SUNY Binghamton's affirmative action officer, and requested that CSEA Local 648 President David Lee represent him at that meeting. (*See* Compl. ¶ 47.) The affirmative action officer, however, "would not create" the meeting. (*Id.*) In November 2007, Lee was among those notified by Brown that a sexually explicit cartoon had been placed on his desk. (*See id.* ¶ 56.) Next, in April 2010, when Brown was accused "of throwing out library books," Lee attended a meeting between Brown and SUNY's "Manager of Classified Staff." (*Id.* ¶ 24.) Finally, while Brown contends that his termination in March 2012 was in retaliation for complaints made to

5

SUNY Binghamton and CSEA, he admits that he was terminated by employees of SUNY Binghamton. (*See id.* ¶¶ 84-88.)

In light of the complete absence of allegations of discriminatory or emotionally distressing behavior, the court need not undertake an exposition of the elements of each separate cause of action.[4] Instead, it is evident that dismissal, without prejudice, of the discrimination and negligent and intentional emotional distress claims against CSEA is required, and that the court need only address the true claim against the union: breach of duty of fair representation.[5]

## C. Duty of Fair Representation

CSEA argues that Brown's duty of fair representation claim must be

---

[4] It suffices to note, in relation to Brown's allegations of negligent and intentional infliction of emotional distress, that both causes of action require an assertion of "extreme and outrageous conduct," of which the Complaint is entirely devoid. *See Saldana v. Vill. of Port Chester*, No. 09 Civ. 6268, 2010 WL 6117083, at *4 (S.D.N.Y. July 21, 2010).

[5] Although Brown makes no explicit mention of breach of duty of fair representation in his Complaint, it is clear from the additional facts adduced in his response papers to the instant motion that this is in fact the true nature of his allegation against CSEA. (*See generally* Dkt. No. 43.) "Recognizing the liberal pleading standard allowed *pro se* plaintiffs," the court considers the new factual allegations contained in Brown's response papers. *Azor v. City of N.Y.*, No. 8 CV 04473, 2012 WL 1117256, at *5 (S.D.N.Y. Mar. 30, 2012).

dismissed as untimely.  (*See* Dkt. No. 11, Attach. 3 at 13-14.)  To the extent that any such claim is timely, CSEA contends further that Brown has failed to allege facts sufficient to state a plausible fair representation cause of action.  (*See id.* at 8.)  The court agrees.

Labor organizations "representing public sector employees in New York State [have] a duty of fair representation" under N.Y. Civ. Serv. Law § 209-a(2)(c).  *Straker v. Metro. Transit Auth.*, 333 F. Supp. 2d 91, 104 (E.D.N.Y. 2004) (internal quotation marks omitted).  To establish such a claim, the plaintiff must allege that the union's actions were "arbitrary, discriminatory or undertaken in bad faith."  *Ahrens v. N.Y. State Pub. Emps. Fed'n, AFL-CIO*, 203 A.D.2d 796, 798 (3d Dep't 1994); *see Cunningham v. Local 30, Int'l Union of Operating Eng'rs, AFL-CIO*, 234 F. Supp. 2d 383, 397-98 (S.D.N.Y. 2002).  Mere negligence or mistake on the part of the union is not enough.  *See Ahrens*, 203 A.D.2d at 798.  "Under New York state law, a claim against a union for violating the duty of fair representation is subject to a four-month statute of limitations."  *Williams v. N.Y.C. Hous. Auth.*, 458 F.3d 67, 69 (2d Cir. 2006) (citing N.Y. C.P.L.R. § 217(2)(a)).

The vast majority of CSEA actions about which Brown complains

7

occurred between 2006 and early 2011. (*See* Compl. ¶¶ 24, 47, 56; Dkt. No. 43 at 1-2, 8.) In light of the applicable four-month statute of limitations, however, all allegations of a breach of the union's duty which occurred prior to December 6, 2011—that is, four months prior to commencement of this action—are time-barred. (*See* Compl.) Only one of Brown's allegations falls within this permissible time frame. In a letter dated March 6, 2012, Brown was notified by CSEA that his request for legal assistance at a N.Y. Civ. Serv. Law § 72 hearing was denied. (*See* Dkt. No. 43 at 8; Dkt. No. 43, Attach. 1 at 7.) Brown contends that this denial constituted a breach of CSEA's duty of fair representation. (*See* Dkt. No. 43, Attach. 1 at 7.) Even construed liberally, however, Brown's allegations contain no suggestion that this denial of legal assistance was "arbitrary, discriminatory or undertaken in bad faith." *Ahrens*, 203 A.D.2d at 798. The letter itself states that, because "[t]here is no medical documentation to refute the State's claim that Mr. Brown is unable to perform the essential duties of his position," his "case lacks sufficient merit to warrant approval." (Dkt. No. 43, Attach. 1 at 7.) Accordingly, while the bulk of Brown's allegations against CSEA are time-barred, the sole timely claim is dismissed for failure to state a plausible cause of action.

## V. <u>Conclusion</u>

**WHEREFORE**, for the foregoing reasons, it is hereby

**ORDERED** that CSEA's motion to dismiss (Dkt. No. 11) is **GRANTED** and Brown's claims are **DISMISSED, without prejudice, as against CSEA**; and it is further

**ORDERED** that CSEA is **TERMINATED** as a party to this action; and it is further

**ORDERED** that the Clerk provide a copy of this Memorandum-Decision and Order to the parties.

**IT IS SO ORDERED.**

January 25, 2013
Albany, New York

*Gary L. Sharpe*
Gary L. Sharpe
Chief Judge
U.S. District Court